**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LIZARDO A PILLCO QUICHIMBO,** | **Civil Action No. 26-9568 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **TODD BLANCHE, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Lizardo A Pillco Quichimbo, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility, located in New Jersey.  (ECF No. 1).

2.      Petitioner is a citizen of Ecuador, who entered the United States in 2013.  (ECF No. 5 at 2).

3.      He was released on bond on April 25, 2013.  (ECF No. 5-2 at 3).

4.      Petitioner was arrested on February 20, 2016 for simple assault.   (*Id.* at 4).  The charge was dismissed on March 17, 2016.  (*Id.*)

5.      Petitioner was arrested on November 2, 2024 for aggravated assault.  (*Id.*)  The charge was dismissed on December 18, 2024.  (*Id.*)

6.      Petitioner was detained by ICE on July 27, 2026 and charged with being a noncitizen who was "present without admission or parole."  (*Id.* at 3).

7.      He has not received a bond hearing.  (ECF No. 5 at 3).

8.      Respondents argue that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he is a noncitizen "was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) subsequently passed a credible-fear screener interview for an asylum claim.  Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)."  (*Id.*)

9.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10.      Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11.      This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226.[1]

12.      The I-213 Form specifically notes that Petitioner is charged with being a noncitizen who is "*present* without admission or parole."  (ECF No. 5-2 at 3 (emphasis added)).  "That

---

[1] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to her continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action.  *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

2

language aligns with § 1226(a), not [§ 1225(b)(2)]." *Dabre v. Soto*, No. 26-cv-2142, 2026 WL 699934, at *2 (D.N.J. Mar. 12, 2026).

13. Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(1) violates the laws of the United States and Petitioner's Due Process rights.

14. Therefore, this Court will grant the Petition and order Respondents to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

15. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge

3